**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| FRISCO SHOPPING CENTER, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:17-cv-00608 |
| | § | |
| SENTINEL INSURANCE COMPANY, LTD. | § | **JURY DEMANDED** |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

FRISCO SHOPPING CENTER, LLC, Plaintiff herein, files this Original Complaint against Defendant Sentinel Insurance Company, Ltd. and, in support of its causes of action, would respectfully show the Court the following:

**I.
THE PARTIES**

1. Frisco Shopping Center, LLC ("Frisco Shopping Center") is a limited liability company that is a citizen of the State of Texas and all its members are citizens of the State of Texas.

2. Defendant Sentinel Insurance Company, Ltd. ("Sentinel") was, and is at the date of this filing, an entity incorporated in Connecticut with its principal place of business in Connecticut, and Sentinel is therefore not a citizen of the State of Texas for diversity purposes. Sentinel may be served via its registered agent for service in the State of Texas, CT Corporation 1999 Bryan Street Suite 900, Dallas, Texas, 75201-3536 by certified mail.

**II.
JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction of this cause of action under 28 U.S.C. § 1332.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas, Sherman Division. The properties at issue in this cause are located in the Eastern District of Texas, Sherman Division.

## III.
## FACTUAL BACKGROUND

5. Frisco Shopping Center is the named insured under Sentinel Policy 46 SBA UJ4654 SC ("Policy") providing coverage for the perils of hail and wind to commercial properties located at 5110 W. Main Street, Frisco, Texas 75033 and 5170 W. Main Street, Frisco, Texas 75033 (collectively "Properties") for the term of the Policy from March 31, 2016 to March 31, 2017. The coverage limits for the Properties for with Plaintiff paid Sentinel insurance premiums collected by Sentinel includes the following blanket building coverage: $ 1,688,400.

6. On April 11, 2016, the Properties sustained catastrophic damage caused by wind and hail. On April 20, 2016, the Texas Commissioner of Insurance issued a Bulletin in accordance with Texas Insurance Code §542.059 and 28 TAC §5.9303, advising the Texas Department of Insurance had determined the weather-related event that occurred April 11, 2016, through April 13, 2016, in the counties of Bexar, Collin, Denton, Dallas, Guadalupe, Montague, Rockwall, Wise, Medina, and Gonzales constituted a catastrophe for purpose of claims processing.

7. Frisco Shopping Center subsequently filed a claim on its Policy for the extensive damage to its Properties, including its roofing systems, caused by the covered perils of wind and hail.

8. Allcat Claims Service, L.P., an adjustment company retained by Defendant, received notice of the claim on May 5, 2016. Oddly, the Allcat estimate provided to Plaintiff

indicates the Properties were inspected on May 26, 2016 yet the estimate states it was entered on May 10, 2016. The estimate notes it was completed on June 13, 2016.

9. On May 10, 2016, Plaintiff's licensed public adjuster issued correspondence to Sentinel advising of its representation, the same date the Allcat estimate was entered.

10. On or about June 14, 2016, Sentinel issued correspondence to Frisco Shopping Center providing a one page "Explanation for Payment" letter stating the total supplemental claim amount was $2,707.89 after applying the prior payment of $2,142.25 and the applicable deductible. Sentinel determined the total actual cash value of the damage to the Properties amounted to $4,850.14 after applying the Policy's deductible. Sentinel determined the replacement cost value of the claim was $21,734.14 ostensibly based solely off the Allcat estimate entered on May 10, 2016 and completed on June 13, 2016. A check for $2,142.25 was issued on June 14, 2016.

11. Prior to rendering its payment decision based upon the findings of Allcat, Sentinel did not conduct any known physical testing of the roofing system to determine whether the replacement of the roofing system was warranted. Further, Sentinel did not retain the services of an engineer to determine whether the roofing system warranted replacement. Sentinel did not conduct, to Plaintiff's knowledge, any examination of the forces of the wind and hail to the Properties on the date of loss to determine whether these covered perils caused damage sufficient to warrant replacement of the roofing materials. Based on the information known to Plaintiff, Sentinel's payment decision was based solely off the Allcat estimate entered on May 10, 2016. There is no indication any employee or claims adjuster employed by Sentinel ever inspected the Properties.

12. Sentinel performed an outcome-oriented investigation resulting in a biased, unfair and inequitable evaluation of Frisco Shopping Center's covered loss. Further, Sentinel's

investigation was substandard at best and pre-determined the outcome before all facts were known. The estimate ostensibly utilized for the payment decision was entered prior to the full inspection of the Properties. Further, Sentinel exceeded the allotted statutory deadlines prior to determining whether to accept or reject the claim. Because of Sentinel's failure to provide the covered policy benefits, Plaintiff has been unable to adequately repair and replace its damaged Properties.

## IV.
## CAUSES OF ACTION

13. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.  Breach of Contract**

14. Sentinel had a contract of insurance with Plaintiff. Sentinel breached the terms of that contract by wrongfully denying the claim and Plaintiff was damaged thereby.

**B.  Prompt Payment of Claims Statute**

15. The failure of Sentinel to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.  Bad Faith/Deceptive Trade Practices Act ("DTPA")**

17. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18. Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

19. Defendant violated Section 541.060 by:

    (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

   (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

   (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20. Defendant violated Section 541.061 by:

   (1) making an untrue statement of material fact;

   (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

   (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

   (4) making a material misstatement of law; and

   (5) failing to disclose a matter required by law to be disclosed.

21. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22. Defendant has violated the Texas DTPA in the following respects:

    (1)    Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    (2)    Sentinel failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

    (3)    Sentinel, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Sentinel took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23.    Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.    Attorneys' Fees**

24.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because Plaintiff is represented by an

attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## V.
## CONDITIONS PRECEDENT

27. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Frisco Shopping Center, LLC, prays that, upon final hearing of the case, it recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Frisco Shopping Center, LLC be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Frisco Shopping Center, LLC may show itself to be justly entitled.

Respectfully submitted,

**HOSSLEY & EMBRY, LLP**

By: */s/ Christopher P. Peirce*
Jeffrey T. Embry
State Bar No. 24002052
jeff@hossleyembry.com
Christopher P. Peirce
State Bar. No. 24046604
cpeirce@hossleyembry.com
515 S. Vine Ave.
Tyler, Texas 75702
(903) 526-1772
(903) 526-1773 (fax)
**ATTORNEYS FOR PLAINTIFF
FRISCO SHOPPING CENTER LLC**